```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 16-60822-Civ-MOORE
                                    MAGISTRATE JUDGE P.A. WHITE
JEFFREY GROOVER,

     Plaintiff,

v.                                  REPORT RE DISMISSAL OF
                                    COMPLAINT-28 U.S.C. §1915(g)
THOMAS M. LYNCH, et al.,              AND DENIAL OF IFP MOTION

     Defendants.
                                  /
```

## I. Introduction

The Plaintiff, Jeffrey Groover, currently confined at the Broward County Jail ("BCJ"), has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. §1983, arising from the withdrawal of funds by BCJ, from his inmate account, for "subsistence fees." (DE#1).

The case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. See 28 U.S.C. §636(b)(1)(B), (C); Fed.R.Civ.P. 72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

He has filed an application to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. §1915, which has been denied by separate court order on the basis that he is not entitled to pauper status. Because plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. §1915A; Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(*per curiam*)(unpublished).

Moreover, pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), but the Court may review plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915A.

The instant complaint is subject to dismissal for various reasons, the simplest of which is Plaintiff's status as a "three-striker" under the provision of the Prison Litigation Reform Act ("PLRA").

## II. §1915(g)

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§801-810, 110 Stat. 1321 (1996). 28 U.S.C. §1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief maybe granted, unless the prisoner is under imminent danger of serious physical injury.

The constitutionality of the foregoing provision of the PLRA, referred to as "three strikes provision," has been comprehensively explored and upheld by the Eleventh Circuit Court of Appeals. See Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998) (internal citations

2

omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Specifically, the Eleventh Circuit has determined that the new "three strikes" IFP provision does not violate an inmate's the First Amendment right of access to the courts; the doctrine of separation of judicial and legislative powers; the Fifth Amendment's right to due process of law; or, an inmate's right to equal protection. Id. at 721-27.

However, to invoke the exception to §1915(g), a plaintiff must allege and provide specific factual allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient. Niebla v. Walton Correctional Inst., 2006 WL 2051307, *2 (N.D.Fla. July 20, 2006)(*citing* Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)(conclusory assertions insufficient to show imminent serious physical injury) and White v. State of Colorado, et al., 157 F.3d 1226, 1231 (10th Cir. 1998)). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Thus, in order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, imminent danger of serious physical injury at the time of filing the lawsuit, not at the time of the alleged incident that serves as the basis for the complaint. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999)(prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger). No such showing has been

made here. His allegations are insufficient to state a constitutional violation, much less warrant circumventing the bar on successive frivolous filings.

### A. Prior Filing History

While not all unsuccessful cases filed by prisoners qualify as strikes under 28 U.S.C. §1915(g), plaintiff, no stranger to this court, is a prolific multiple filer, having filed at least three cases that qualify as strikes for purposes of §1915(g). Plaintiff filed numerous prior §1983 civil rights suits, which were dismissed under §1915(e), for failure to state a claim upon which relief could be granted, or otherwise dismissed with prejudice. See Groover v. Sheriff Israel, United States District Court, Southern District of Florida, case no. 14-61532-Civ-Williams (§1983 dismissal §1915(e) for failure to state a claim upon which relief can be granted); Groover v. Sheriff Israel, United States District Court, Southern District of Florida, case no. 15-61902-Civ-Bloom (§1983 dismissal for failure to state a claim); Groover v. United States, Eleventh Circuit Court of Appeals, Case No. 14-1344-E (§2255 Appeal of District Court Case No. 03-80695-Civ-Ryskamp, 10/1/14 Order from appellate court dismissing appeal for failure to pay the court's filing fee fix by the rules); and, Groover v. United States of America, et al., United States District Court, District of Columbia (Washington, D.C.), case no. 05-129-UNA (§552 dismissal of Freedom of Information Act with prejudice);

The foregoing cases were dismissed by court order pursuant to the Prison Litigation Reform Act of 1995 ("PLRA") under the provisions of 42 U.S.C. §1915(e) and §1915(g), because the claims were either frivolous, malicious, failed to state a claim upon which relief may be granted, or sought monetary relief from a defendant immune from such relief. Courts have determined that

4

these type of dismissals qualify as a strike. See Rivera v. Allin, 144 F.3d 719, 731-32 (11 Cir. 1998); Anderson v. Hardman, et al., No. 99C7282 at *3, 1999 WL 1270692 (N.D.Ill. Dec. 17, 1999); Luedtke v. Gudmanson, 971 F.Supp. 1263 (E.D.Wis. 1997). Consequently, Plaintiff has filed at least four cases which qualify as strikes for purposes of §1915(g).

Based upon the review of Plaintiff's litigation history, as narrated above, it is clear that Plaintiff has had at least three, if not more civil actions that qualify as strikes pursuant to §1915(g). He is, therefore, barred from proceeding *in forma pauperis* in this Court unless he can show that he was under imminent danger of serious physical injury. See 28 U.S.C. §1915(g).

### B. "Imminent Danger" Exception

Regarding the "imminent danger exception," Plaintiff has moved for leave to proceed *in forma pauperis,* which has been denied by separate court order. Regardless, Plaintiff is barred from proceeding *in forma pauperis* in this or any other federal court pursuant to 28 U.S.C. §1915(g) unless he can show that he was under imminent danger of serious physical injury at the time he filed his complaint. No such showing is made here.

The Eleventh Circuit has held that in order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, to-wit, imminent danger of serious physical injury at the time of filing the lawsuit. See Medberry v. Butler, 185 F.3d 1189 (11th Cir. 1999) (prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which

5

ceased at the time of filing, fails to demonstrate imminent danger).

To invoke the exception to §1915(g), a plaintiff must allege and provide specific factual allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient. Niebla v. Walton Correctional Inst., 2006 WL 2051307, *2 (N.D.Fla. July 20, 2006)(*citing* Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)(conclusory assertions insufficient to show imminent serious physical injury) and White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998)). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Full and careful review of the Complaint indicates that the plaintiff is not entitled to proceed *in forma pauperis* under the "imminent danger" exception. See DE#1. Since Plaintiff has not paid the filing fee and has made no factual allegations to support a finding that he was in imminent danger of serious injury at the time of filing, dismissal of the instant civil rights action is appropriate.

As the statute provides that the filing fee must be paid at the time the suit is initiated, and only precludes the plaintiff from proceeding *in forma pauperis*, it would generally be recommended that the complaint be dismissed without prejudice to the plaintiff to file a new complaint accompanied by payment of the full filing fee of $350.00. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

However, Plaintiff should be aware that all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. §1915A, even those lawsuits in which the full filing fee is paid at the time of filing. See Green v. Young, 454 F.3d 405, 407 (4th Cir. 2006). Initial review of the instant complaint by the undersigned appears to indicate that the case would most likely not survive such screening if it were to be refiled in the future with the full filing fee. He is claiming that the named defendant is responsible for the operation of the jail, and that the jail is unlawfully deducting from his inmate account subsistence fees. As drafted, even if he were not subject to the three strikes provision, Plaintiff has not raised any claims that may be litigated in a federal civil rights action. The claim regarding the loss of his money are not cognizable in a federal lawsuit pursuant to §1983, but may be raised in a tort action under state law. See Parratt v. Taylor, 451 U.S. 527, 544 (1981) (overruled in part not relevant here by, Daniels v. Williams, 474 U.S. 327, 330-31 (1986)); Baker v. McCollan, 443 U.S. 137 (1979); Paul v. Davis, 424 U.S. 693, 701 (1976); Cannon v. Taylor, 782 F.2d 947 (11 Cir. 1986). In Parratt v. Taylor, supra, the United States Supreme Court held that a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise under 42 U.S.C. §1983 to a procedural due process claim, unless the state fails to provide an adequate post-deprivation remedy.

After the ruling in Daniels, supra, which was, in part, overruled by Parratt, the Court of Appeals for this Circuit has held, in the context of a §1983 action involving an arrest-related seizure and retention of property (a vehicle, cash, and jewelry), that where the plaintiffs had adequate post-deprivation remedies, no procedural due process violation had occurred, whether or not

7

forfeiture proceedings were ever initiated. Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991) (citing Parratt v. Taylor and Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984).

It is noted that the State of Florida has provided a tort claims procedure which may be utilized to recover damages for property losses. Fla.Stat. §768.28 (1987). This procedure is available to inmates in the Florida Department of Corrections and in county jail facilities. West v. Wainwright, 380 So.2d 1338 (Fla. 1 Dist. 1980); White v. Palm Beach County, 404 So.2d 123 (1981). Thus, unless the deprivation of property has occurred as the result of an established unlawful state procedure, the existence of the state remedy precludes the availability of §1983 relief for negligent or intentional deprivation of personal property. Hudson v. Palmer, Parratt v. Taylor, and Lindsey v. Storey, supra. Moreover, the Florida legislature has enacted statutes authorizing the assessment of certain costs against prisoners. Specifically, Sections 951.032 and 951.033, Florida Statutes, permit county and municipal detention facilities to recover the subsistence costs and medical expenses incurred by prisoners. The plaintiff does not challenge the constitutionality of the Florida statutes, but rather challenges the constitutionality of the application of the statute to him. See Cruz v. Aldo, 129 Fed. Appx. 549 (11th Cir. 2005).

Regardless of whether the plaintiff is a prisoner, he has a protected property interest in any funds deposited into his inmate account and cannot be deprived of those funds without due process of law. See Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir. 1989). The plaintiff's due process rights, however, are intact since he is able to challenge any charges assessed against his account by filing a grievance. See Solomos v. Jenne, 776 So.2d 953 (Fla. 4th DCA 2000), reh'g den'd (Feb. 1, 2001). Moreover, the

8

plaintiff has not alleged that Florida law has provided an inadequate post-deprivation remedy. "Before seeking a remedy for an alleged due process violation in federal court, a plaintiff is obliged to avail itself of state remedies or show that the state deprived it of redress." T & A Utilities v. City of Panama City, No. 5:96CV97/SMN, 1997 WL 151045, *4, 10 Fla. L. Weekly Fed. D. 484 (N.D.Fla. 1997) (citing Tinney v. Shores, 77 F .3d 378, 382 (11 Cir. 1996); McKinney v. Pate, 20 F.3d 1550, 1557 (11 Cir. 1994), cert. den'd, 513 U.S. 1110 (1995) (footnote omitted)). Here, plaintiff has not alleged any facts supporting a claim under any other constitutional amendments. Consequently, even had he paid the full filing fee, his Complaint would be subject to dismissal under §1915(e) for failure to state a constitutional claim upon which relief may be granted.

### III. Recommendations

Based upon the foregoing, it is recommended that: (1) the complaint be DISMISSED, pursuant to 28 U.S.C. §1915(g); see Dupree, 284 F.3d at 1237 (reasoning that the filing fee is due upon filing a civil action when *in forma pauperis* provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after denying leave to proceed *in forma pauperis*); and, in the alternative, that it be dismissed for failure to state a claim upon which relief can be granted under 1915(e); (2) that all pending motions not otherwise ruled upon be dismissed, as moot; and, (3) that this civil action be CLOSED.

Dismissal with leave to amend would not be appropriate here because an amendment would be futile in that any amended complaint on the basis of the allegations now presented and attempted claims would still be properly dismissed. See Judd v. Sec'y of Fla., 2011 WL 2784422, *2 (M.D.Fla. June 3, 2011)(recommending that Plaintiff

9

not be permitted to file an amended complaint in light of the Eleventh Circuit's decision in Johnson in that any amended complaint would be frivolous). See generally Spaulding v. Poitier, 548 Fed.Appx. 587, 594 (11th Cir. 2013)(holding that magistrate judge did not abuse his discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile)(citing, Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 25th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Jeffrey Groover, Pro Se
     Inmate #501503936
     Broward County Main Jail-JCF
     J. Conte Facility
     Inmate Mail/Parcels
     P.O. Box 407016
     Ft. Lauderdale, FL 33340